Chartrisse A. Adlam, Esq.
Law Offices of David M. Sperling
81 Carleton Ave.,
Central Islip, NY 11722
cadlam@davidsperlinglaw.com
adlamlaw@hotmail.com
631-232-9555

# UNITED STATES DISTRICT COURT
# THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOSE TERESO BENITEZ PEREZ** <br><br> Petitioner, <br><br> **v.** <br><br> **JUDITH ALMODOVAR**, Field Office Director of Enforcement and Removal Operations, New York City Field Office, Immigration and Customs Enforcement; **Kristi NOEM,** Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; **HON. Pamela BONDI**, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; **ANTHONY LAROCCO,** Sheriff of Nassau County, and/or the Warden/Superintendent of the Nassau County Correctional Center **RONALD HARTUNG,** Acting Commissioner of Nassau County Correctional Center <br><br> Respondents. | **PETITION FOR WRIT OF HABEAS CORPUS** <br><br><br><br><br><br> Case No. |

## PETITION FOR WRIT OF HABEAS CORPUS

# I. INTRODUCTION:

1. Petitioner, Jose Tereso Benitez Perez, petitions this Court to issue a Writ of Habeas Corpus, granting his petition and secure his immediate release from unlawful immigration detention. 28 U.S.C. § 2241.

2. On the morning of March 4, 2026, Petitioner was traveling to work as a passenger with several coworkers in a black Ford F-150 pickup truck owned by their employer. The vehicle was being driven by another employee of the same company who is a United States citizen. The group had been driving for approximately ten minutes when the vehicle was stopped by officers from U.S. Immigration and Customs Enforcement ("ICE"). Petitioner had not engaged in any criminal conduct, and ICE officers did not present a warrant at the time of the stop. Nevertheless, ICE officers removed Petitioner from the vehicle and placed him under arrest. The driver of the vehicle, a United States citizen, was released at the scene and was not issued any citation or traffic ticket. These circumstances raise serious questions regarding the basis for the stop and whether Petitioner was subjected to an arrest without an individualized and lawful basis.

3. Petitioner is a twenty-one (21) year old noncitizen, native of El Salvador, who has resided in the United States since entering on or about January 2024, through Texas. The Petitioner was not detained at entry and he was never placed in immigration court proceedings.

4. On January 27, 2026, U.S. Citizenship and Immigration Services (USCIS) approved Petitioner's Form I-360, Petition for Special Immigrant Juvenile Status ("SIJS") with a priority date of July 28, 2025. *See* Exhibit "A". Upon approval by USCIS, a child granted SIJS becomes eligible to apply for lawful permanent resident status when a visa is available according to priority date.

5. Special Immigrant Juvenile Status (SIJS) is a humanitarian form of immigration relief available to certain noncitizen children present in the United States who have been abused, neglected, or abandoned by one or both parents. Upon approval by USCIS, a child granted SIJS becomes eligible to apply for lawful permanent resident status when a visa is available according to priority date.

6. Detention or removal of an approved SIJS beneficiary would cause irreparable harm, as it would sever the child from the protections conferred by the state court's findings and undermine the I-360 petition already granted, while removal would effectively nullify the pending path to lawful permanent residence. Moreover, because the SIJS petition has already been approved, the Petitioner demonstrates a strong likelihood of relief on the merits.

7. Petitioner's arrest and continued detention violate the Fifth Amendment's Due Process Clause, exceed DHS's statutory authority, and constitute arbitrary and capricious detention without legal justification.

8. Petitioner's continued detention violates his rights to substantive and procedural due process. Petitioners' continued detention is unlawful for at least two reasons. First, Petitioner's detention without hearing whether he constitutes a danger or a flight risk violates the procedural component of Due Process Clause of the Fifth Amendment. Second, because he has valid defenses to removal, including approved I-360 SIJS petition.

9. Petitioner asks the Court to issue an order directing the government to "show cause why the writ [of habeas corpus] should not be granted" within three days. See 28 U.S.C. § 2243. Further, Petitioner asks the Court to issue a writ of habeas corpus by determining that his detention is not justified because (1) the government has not established by clear and

convincing evidence that he presents a risk of flight or danger in light of available alternatives to detention; (2) his mandatory detention violates due process; or (3) he is being detained without statutory authorization. In the alternative, Petitioner asks the Court to issue a writ of habeas corpus and order his release forthwith. In the alternative, Petitioner requests that this Court order an immigration judge to conduct a bond hearing at which the government bears the burden of proving flight risk and/or dangerousness by clear and convincing evidence. *See German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 213-214 (3d Cir. 2020).

## II. REQUIREMENTS OF 28 U.S.C. § 2243

10.     The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

11.     Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." See *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

12.     This Petition presents only issues of law and can be properly decided without a hearing despite the fact that the habeas statute 28 U.S.C § 2243 considers a hearing requiring the Court to "summarily hear and determine the facts, and dispose of the matter as law and

4

justice require"); *See O.F.B. v. Maldonado*, No. 25-cv-06336, 2025 WL 3277677, *1 n.2 (E.D.N.Y. Nov. 25, 2025) granting petition prior to hearing. *See also Tumba v. Francis*, No. 25-cv-08110, 2025 WL 3079014, at *1 n.1 (S.D.N.Y. Nov. 4, 2025).

## III. JURISDICTION AND VENUE

13. This Court has jurisdiction pursuant 28 U.S.C. § 2241 that authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C.§ 2241(c)(3)). Under § 2241, "federal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, No. 25-cv-06065, 2025 WL 3314420, at *8 (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

14. Venue is proper in this district because that is where Petitioner is detained and that is where Petitioner's immediate custodian, facility administrator resides and works. *See 28 U.S.C. § 1391(b)*. Petitioner is detained in Nassau County Correctional Center.

15. Venue is proper in this district because Respondents are officers, employees, or agencies of the United States and a substantial part of the events or omissions giving rise to these claims occurred in this district and Petitioner resides in this District and no real property is involved in this action. *28 U.S.C. § 1391(e)*.

## IV. THE PARTIES

16. Petitioner is a twenty-one (21) year old noncitizen, native of El Salvador who seeks

protection in the United States in the form of Special Immigrant Juvenile Status. He is in the care and custody, and under the direct control, of Respondents and their agents.

17. Respondent JUDITH ALMODOVAR, New York Field Office Director, Immigration and Customs Enforcement and Removal Operations (ICE/ERO). In this capacity, Respondent Almodovar is responsible for the implementation and enforcement of the Immigration and Nationality Act, responsible for Petitioner's detention. Respondent is a legal custodian of Petitioner. He is sued in her official capacity

18. Respondent, KRISTY NOEM, Secretary of the Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality, the agency responsible for Petitioner's detention. Respondent Noem is a legal custodian of Petitioner. She is sued in her official capacity.

19. Respondent, Pamela Bondi, is the Attorney General of the United States. She is responsible for the Department of Justice, of which the Executive Office for Immigration Review and the immigration court system it operates is a component agency. She is sued in her official capacity. She is sued in her official capacity.

20. Respondent, Anthony LaRocco, is the elected Sheriff of Nassau County who ultimately oversees the county jail system, which includes Nassau County Correctional Center. He has immediate physical custody of Petitioner. He is sued in his official capacity.

21. Respondent, Ronald Hartung, is the Acting Commissioner appointed by the Nassau County Executive to lead operations of the county jail in East Meadow system, which is the Nassau County Correctional Center. He has immediate physical custody of Petitioner. He is sued in his official capacity.

6

## V. FACTUAL BACKGROUND

22.  Petitioner is a twenty-one (21) year old non-US citizen, native of El Salvador, who has resided in the United States on or about January 2024, through Texas. At the time of his entry, Petitioner was not apprehended by immigration officials, was not issued a Notice to Appear in immigration court and has never been placed in immigration court proceedings.

23.  Since arriving in the United States, Petitioner has resided in New York, where he has been under the care and supervision of a court-appointed guardian. At the time of the arrest, the Petitioner had been residing at 88 Delisle Avenue in Roosevelt, NY.

24.  One could assert that a grant of Special Immigrant Juvenile Status (SIJS) is equivalent to a parole. Under federal regulations, individuals with approved SIJS petitions may be treated as parolees for purposes of employment authorization eligibility. *See* 8 C.F.R. §274a.12(c)(11). This regulatory framework reflects the recognition by Congress and the Department of Homeland Security that SIJS beneficiaries are pursuing a lawful humanitarian pathway to permanent residence while awaiting visa availability under the EB-4 category.

25.  Congress established SIJS in 1990 as a "classification to provide humanitarian protection"[1] to "abused, neglected or abandoned children."[2]  In 1991, Congress passed INA § 245(h) to provide even more protection and benefits to young people with SIJS approval by designating them as "deemed…to have been paroled into the United States. Petitioner can be deemed to have been paroled when his SIJS was approved for humanitarian reasons.  Petitioner is a beneficiary of the Special Immigrant Juvenile Status ("SIJS") framework, a humanitarian protection created by Congress to safeguard immigrant youth who have been abused, neglected, or abandoned.

26. Pursuant to the findings of the Nassau County Family Court dated July 15, 2025, the state court made him dependent on the family court by granting guardianship to an appointed guardian and made the determination that Petitioner had been abandoned and neglected within the meaning of New York law, that reunification with his parents was not viable, and that it was not in his best interest to return to El Salvador due to the danger and instability he would face there. See Exhibit "B".

27. Based on those findings, Petitioner became eligible for immigration relief under INA §245(h), which again, provides a statutory pathway to lawful permanent residence for individuals granted Special Immigrant Juvenile Status (SIJS). Congress specifically enacted this provision to allow vulnerable youth to regularize their status in the United States even where they entered without inspection or lack traditional immigration documentation. The statute reflects Congress's clear intent that SIJS beneficiaries—who have already been determined by a state court to be victims of abuse, abandonment, or neglect—should be permitted to pursue lawful status and stability in the United States.

28. Petitioner, therefore stands in a markedly different position from individuals who lack any viable immigration relief. He has already obtained the required state court findings and is pursuing a congressionally authorized path toward permanent residence. Detaining Petitioner under these circumstances undermines the humanitarian purpose of the SIJS framework and serves no legitimate immigration enforcement purpose. Rather than presenting a flight risk or danger to the community, Petitioner is a young person whom a New York State court has determined should remain in the United States under the care of a court-appointed guardian and who is actively pursuing lawful immigration status.

29.    Accordingly, continued detention of Petitioner is both unnecessary and inconsistent with the humanitarian protections Congress created for Special Immigrant Juveniles.

30.    Detention or removal of an approved SIJS beneficiary would cause irreparable harm, as it would sever the child from the protections conferred by the state court's findings and undermine the I-360 petition already granted, while removal would effectively nullify the pending path to lawful permanent residence. Moreover, the Petitioner demonstrates a strong likelihood of relief on the merits.

31.    To date Respondents have not initiated removal proceedings against Petitioner in New York by filing a Notice to Appear.  Respondents detained the Petitioner in Nassau County Correctional Center in East Meadow, New York. and remains in custody there.

32.    Respondents did not identify any statutory basis for detention and did not provide Petitioner with any procedural safeguards.  Petitioner has no outstanding removal order, and he poses no risk of flight or danger to the community.

33.    The continued detention of a SIJS beneficiary—whose presence in the United States has already been determined by a state court to be in his best interests—runs directly contrary to the protective purpose of the SIJS statutory scheme.

# VI. LEGAL GROUNDS FOR RELIEF

**COUNT ONE:**

**Violation of Fifth Amendment Right to Due Process.**

34. Respondents released Petitioner into the United States on his own recognizance; therefore, Petitioner has due process rights as a person within the United States. Petitioner has been residing in the United States since 2024 with no incident. He pursued SIJS before the State Family Court and applications before USCIS and received approvals. Respondents never placed him in removal proceedings although certainly capable of doing so, yet Respondents suddenly chose to detain him without any rational and individualized determination of whether Petitioner is a safety or flight risk, in violation of due process. In this instant, Petitioner's detention is arbitrary, unreasonable and capricious. Arresting individuals arbitrarily undermines the integrity of DHS's own enforcement framework. Respondents' conduct is arbitrary, capricious, and contrary to fundamental principles of fairness.

35. The Fifth Amendment prohibits detention that is arbitrary, unreasonable, or unsupported by procedural protections. Petitioner's detention was not incident to removal, but rather punitive, arbitrary, and disconnected from any legitimate immigration enforcement purpose. If Respondents conducted an assessment, they would have determined that there is no evidence or change of circumstances to validate his detention.

36. Petitioner's arrest arose from a vehicle stop under circumstances suggesting that the stop was arbitrary and unsupported by any apparent traffic violation. Petitioner was traveling with coworkers in a company vehicle driven by a United States citizen employee of the same company. According to the employer, the vehicle had no outstanding tickets or known violations. The U.S. citizen driver was released at the scene and was not issued any citation or warning. The absence of any traffic enforcement action raises serious concerns regarding the justification for the stop and the subsequent detention of Petitioner. The lack of an individualized custody determination violates substantive and procedural due

process. At minimum, these circumstances warrant judicial scrutiny to ensure that Petitioner's detention is not the product of an arbitrary or unsupported enforcement action.

37.  For these reasons, Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

## COUNT TWO:

**Respondents lack statutory basis to detain Petitioner**

38.  DHS lacks statutory authority to detain a noncitizen who is not subject to mandatory detention, has no final order of removal, and has complied with all appearance obligations.

39.  Respondents may argue that Petitioner falls within the ambit of § 1225(b)(2) mandatory detention requirement. The Eastern District of New York (E.D.N.Y.) ruled "Contrary to respondents' position, Section 1225(b)(2)(A) does not provide a valid basis on which to detain petitioner under these circumstances. Petitioner should not be subject to mandatory detention". *See Y-C- v. Genalo, No. 25-cv-06558 (NCM), 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025)*. The court stated "This Court does not agree with respondents' reading of the INA. The Court finds persuasive the reasoning of the hundreds of district courts that have overwhelmingly rejected the government's interpretation of Section 1225. Three reasons underlie the Court's conclusion: the government's reading is (1) not consistent with the plain language of the statute, (2) in tension with precedent of the United States Supreme Court, and (3) impossible to square with a recently enacted portion of § 1226. See Also *0-3224; 22-70 Black v. Almodovar; G.M. v. Almodovar 2nd Cir. 2025.*

40. Respondents have no interest in detaining Petitioner under 8 U.S.C. § 1226(a) if his detention would not advance any legitimate governmental purpose, such as ensuring the appearance of aliens at any immigration proceedings or preventing danger to the community. The petitioner has no criminal history, has had an active application before the government and has been granted that application by the government.

41. The ongoing detention of Petitioner with no process, no prior notice, no showing of changed circumstances, or an opportunity to respond violates his due process rights and therefore, Petitioner's continued detention under these circumstances is ultra vires and unlawful.

## VI. REQUEST FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1)    Assume jurisdiction over this matter;

(2)    Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

(3)    Issue a writ of habeas corpus ordering Petitioner's immediate release from ICE custody/alternatively, order an immediate individualized bond hearing before a neutral adjudicator;

(4)    Declare Petitioner's detention unconstitutional and unlawful;

(5)    Enjoin DHS from re-detaining Petitioner absent lawful authority; and

(6)    Grant any further relief this Court deems just and proper.

Respectfully Submitted,

Chartrisse A. Adlam, Esq.
Law Offices of David M. Sperling
81 Carleton Ave.,
Central Islip, NY 11722
cadlam@davidsperlinglaw.com
adlamlaw@hotmail.com
631-232-9555

6th Day of March 2026

## VII. **VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Jose Tereso Benitez Perez, and submit this verification on his behalf.

I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus

are true and correct to the best of my knowledge.

Dated this 6th day of March 2026

Respectfully submitted,

Chartrisse A. Adlam, Esq.
Law Offices of David M. Sperling
81 Carleton Ave.,
Central Islip, NY 11722
cadlam@davidsperlinglaw.com
adlamlaw@hotmail.com
631-232-9555

## VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242

I am submitting this verification on behalf of the Petitioner because I am one of Petitioner's attorneys, and I have discussed the claims with Petitioner's legal team. Based on those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

| EXHIBIT | DOCUMENT DESCRIPTION |
|---------|----------------------|
| A | Asylum Application Receipts |
| B | January 27, 2026 USCIS Approved I-360 SIJS |

Dated: March 6, 2026

Respectfully submitted,

Chartrisse A. Adlam, Esq.
Law Offices of David M. Sperling
81 Carleton Ave.,
Central Islip, NY 11722
cadlam@davidsperlinglaw.com
adlamlaw@hotmail.com
631-232-9555

14

# A

# THE UNITED STATES OF AMERICA

## I-797 | NOTICE OF ACTION | DEPARTMENT OF HOMELAND SECURITY
U.S. CITIZENSHIP AND IMMIGRATION SERVICES

| Receipt Number | | Case Type |
|---|---|---|
| MSC2590608845 | | I360 - PETITION FOR AMERASIAN, WIDOWER, OR SPECIAL IMMIGRANT |
| **Received Date** 07/28/2025 | **Priority Date** 07/28/2025 | **Petitioner** A130 900 892 BENITEZ PEREZ, JOSE TERESO |
| **Notice Date** 01/27/2026 | **Page** 1 of 1 | **Beneficiary** A130 900 892 BENITEZ PEREZ, JOSE TERESO |

LAW OFFICES OF DAVID M SPERLING
c/o DAVID M SPERLING
81 CARLETON AVE
CENTRAL ISLIP NY 11722

Notice Type: Approval Notice
Class: SL6
Section: Special Immigrant-Juvenile

The above petition has been approved.

The petition indicates that the person the petition is for is in the United States and will apply for adjustment of status. He or she should access the USCIS website at USCIS.gov/i-485 to obtain Form I-485, Application for Permanent Residence. A copy of this notice should be submitted with the application.

If the person for whom you are petitioning decides to apply for a visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action. The NVC also determines which consular post is the appropriate consulate to complete visa processing. It will then forward the approved petition to that consulate.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

Please read the back of this form carefully for more information.

**THIS NOTICE IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.**

NOTICE: Although this application/petition has been conditionally approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify the information submitted in the application, petition, and/or supporting documentation to ensure conformity with applicable laws, rules, regulations, and other authorities. Methods used for verifying information may include, but are not limited to, the review of public information and records, contact by correspondence, the Internet, or telephone, and site inspections of businesses and residence. Information obtained during the course of verification will be used to determine whether final approval, revocation, rescission, and/or removal proceedings are appropriate. Applicants, petitioners, and the representatives of record will be provided an opportunity to address derogatory information before any formal proceedings is initiated.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

National Benefits Center
U.S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 648003
Lee's Summit MO 64002
USCIS Contact Center: www.uscis.gov/contactcenter



FORM I-797 [REV. 08/01/16]

B

8 U.S.C. §1101 GF-42

(Special Immigrant Juvenile Status Order)
At a Term of the Family Court of the State of New York, held in the County of NASSAU- Mineola NY, July 15, 2025.

PRESENT: Hon. KIMBERLY L. SNOW
COURT ATTORNEY-REFEREE

------------------------------------------------x

Proceeding for the Appointment of a
Guardian of the Person of

JOSE TERESO BENITEZ PEREZ
(DOB: 11/05/2004)

------------------------------------------------x

Docket No.: G-8710-24
File No.: 636357

ORDER- SPECIAL
JUVENILE STATUS

Motion #1

This Court, after examining the motion papers and supporting affidavits, all the pleadings and prior proceedings in this matter, and hearing credible testimony, finds, in accordance with 8 U.S.C. § 1101(a)(27)(J), New York State Family Court Acts § 661, §1012 and New York State Surrogate's Court Procedure Act §1701, that:

1. This Family Court is a court which has jurisdiction to make judicial determinations about the custody and care of minors, which include juveniles up to the age of 21. This court took jurisdiction of the above-named juvenile prior to the age of 21 pursuant to New York State Family Court Acts § 661(a), §115(c) and New York State Surrogate's Court Procedure Act §103(27).

2. The above-named child is under 21 years of age and a minor for purposes of guardianship of the person. New York Surrogate Court Procedure Act § 103(27), New York Family Court Act § 661(a).

3. The above-named child is unmarried.

4. The above-named child dependent on the family court, a juvenile court under New York law, by virtue of a guardianship order that was on granted by this Court. The above-named child is dependent upon the Family Court and has been committed to and placed in the physical custody of individual, namely Jose Ever Benitez or entity appointed by the state or Family Court pursuant to the New York State Family Court Acts §141, 661, 1012 and New York State Surrogate's Court Procedure Act §1701. *Matter of Antowa McD.*, 856 NYS2d 576 (1st Dept. 2008).; *Matter of Trudy-Ann W. v. Joan W.*, 901 NYS2d 296 (2d Dept. 2010). He has been in the physical care of Jose Ever Benitez and continues to reside with him. The grant of guardianship also constitutes a legal commitment of the guardian to the child pursuant to New York Surrogates Act § 1706, which states that the guardian "shall have the right and responsibility to make decisions, including issuing any necessary consents, regarding the child's protection, education, care and control, health, and medical needs, and the physical custody of the person of the child." The grant of guardianship is also pursuant to New York Family Court Act § 657, which enunciates the rights and authorities of a person possessing a lawful order of guardianship or custody of a child vis-a-vis school enrollment, health insurance

enrollment, and specifies expressly that "persons possessing a lawful order of guardianship of a child shall have the right and responsibility to make decisions, including issuing any necessary consents, regarding the child's protection, education, care and control, health and medical needs, and the physical custody of the child". There is no legal distinction in New York between the effects of a grant of custody as compared to a grant of guardianship. See, *Matter of Allen V. Fiedler*, 96 A.D. 3d 1682 (4th Dept. 2012). The child is in need of a legal guardian to support his with housing, medical care, educational planning, emotional and financial support. The Court finds that guardianship serves the child's best interests.

5. Reunification with the father, Jose Alberto Benitez Gonzalez, is not viable due to neglect and abandonment under New York law. The record establishes that the father left the child without providing for his support or care. The father did not have any contact with the child since 2005. After testimony and a review of the record the court finds that the father has not supported the child emotionally or financially. *Alamgir A. L. 81 AD 3d 937 (1st Dept 2011)*. The father has not provided for food, clothing, shelter, educational and medical needs as required. The father has neglected his parental duties. The child is abandoned under NYS Social Services Law, Section 384-b(5)(a). *Pineda v. Diaz, 127 A.D. 3d1203 (2d Dep't 2015); Marcelina M.G. v. Israel S., 112 A.D.3d 100, 973 N.Y.S. 2d 714, 721 (2d Dep't 2013).*

6. It is in the child's best interest to remain with the petitioner and not return to El Salvador. There is no available relative or viable resource for the child to live with in the country of nationality or country of last habitual residence of the child or the birth parents. There is no one who is able or willing to provide the child with a safe home and provide for the child's safety and needs. It is very dangerous for the child to be in El Salvador due to the danger and uncertainty in his home country. It is in the child's best interest to remain with the petitioner. *Trudy Ann W., 73 AD 793 (2nd Dept.2010); N.Y. Surr. Ct. Proc. Act § 1707; See also, Eschbach v. Eschbach, 56 N.Y.2d 167 (1982). Matter of Marisol N.H., 115 AD3d 185 (2d Dept. 2014).*

Dated: July 15, 2025.

ENTER

Hon. _____

Referee of the Family Court
**KIMBERLY L. SNOW**
**COURT ATTORNEY-REFEREE**

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST. Check applicable box:
( ) Order mailed on [specify date(s) and to whom mailed]:_____
( ) Order received in court on [specify date(s) and to whom given]:_____

Tavarez, Perez, Perez - 07/16/25 (TW)

File#: 636357 (G-08710-24) | 6-5 (8/2010) | Page 1 of 1

F.C.A§ 661; S.C.P.A.§ 1707

**PRESENT:** Kimberly L. Snow, Court Attorney Referee

In the Matter of **an Article 6 Guardianship** Proceeding

**Jose E. Benitez Perez** (Petitioner)

**Ana C. Perez Ramirez** (Respondent)
**Jose A. Benitez Gonzalez** (Respondent)

**Jose T. Benitez Perez** (DOB: 11/05/2004)

At a term of the Family Court of the State of New York, held in and for the County of Nassau at 101 County Seat Drive, Mineola, NY 11501, on July 15, 2025

**File #:**      636357
**Docket #:**   G-08710-24

**ORDER APPOINTING GUARDIAN OF THE PERSON**

---

A petition was filed on September 10, 2024 applying for the appointment of a guardian of the person of Jose T. Benitez Perez (D.O.B.: 11/05/2004), a person under the age of 21.

The subject of the petition is 18 years of age or older and consented to the appointment of the guardian.

The Court determined that the best interests of the subject of the petition will be promoted by the appointment of a guardian of the person and that Jose E. Benitez Perez is in all respects competent to act as such guardian and to raise the subject of the proceeding to adulthood.

**NOW** therefore, it is hereby:

> **ORDERED** that Jose E. Benitez Perez, upon taking the official oath and filing the designation as required by law, is appointed guardian of the person of Jose T. Benitez Perez, and that Letters of Guardianship shall issue to the Guardian accordingly.

> **ORDERED** that, unless terminated by the Court, the appointment shall last until the subject's 21st birthday, since the subject is over 18 and has consented to the appointment until he/she reaches the age of 21.

Dated: **July 15, 2025**

_Kimberly L. Snow_

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Check applicable box:
☑ Order mailed on [specify date(s) and to whom mailed]: _Benitez, Perez, Perez - 07/16/25 (w)_
☐ Order received in court on [specify date(s) and to whom given]: _____

File#: 636357 (G-08710-24)        6-6 (12/1987)    Page 1 of 1

# FAMILY COURT OF THE STATE OF NEW YORK
## COUNTY OF NASSAU

In the Matter of an **Article 6 Guardianship** Proceeding

**Jose E. Benitez Perez** (Petitioner)

**Ana C. Perez Ramirez** (Respondent)
**Jose A. Benitez Gonzalez** (Respondent)

**Jose T. Benitez Perez** (DOB: 11/05/2004)

| | |
|---|---|
| **File #:** | 636357 |
| **Docket #:** | G-08710-24 |

**LETTERS OF GUARDIANSHIP
OF THE PERSON OF
A MINOR**

---

**TAKE NOTICE** that at the County of Nassau on the day of July 15, 2025, before Kimberly L. Snow, Referee of the Family Court of this County, Nassau,

Jose E. Benitez Perez having duly qualified according to law, is hereby authorized to serve as guardian of the person Jose T. Benitez Perez and Letters of Guardianship are hereby granted to said Jose E. Benitez Perez.

**IN TESTIMONY WHEREOF,** we have caused the seal of office of the Family Court of the County of Nassau to be hereunto affixed.

Witness: Kimberly L. Snow, Referee of the Family Court, County of Nassau, at the Family Court of Nassau, the day of, July 15, 2025.

**Dated:** July 15, 2025

John Aiken, Chief Clerk    07/16/25