Chartrisse A. Adlam, Esq.
Law Offices of David M. Sperling
81 Carleton Ave.,
Central Islip, NY 11722
cadlam@davidsperlinglaw.com
adlamlaw@hotmail.com
631-232-9555

# UNITED STATES DISTRICT COURT
# THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOSE TERESO BENITEZ PEREZ** | |
| Petitioner, | |
| v. | **APPLICATION FOR ISSUANCE OF ORDER TO SHOW CAUSE** |
| **JUDITH ALMODOVAR**, Field Office Director of Enforcement and Removal Operations, New York City Field Office, Immigration and Customs Enforcement; **Kristi NOEM,** Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; **HON. Pamela BONDI**, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; **ANTHONY LAROCCO,** Sheriff of Nassau County, and/or the Warden/Superintendent of the Nassau County Correctional Center **RONALD HARTUNG,** Acting Commissioner of Nassau County Correctional Center | Case No. |
| Respondents. | |

1. Pursuant to 28 U.S.C. § 2243, Petitioner respectfully requests that this Court "forthwith" issue an order directing Respondents to show cause why the petition for a writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2241 should not be granted.

2. Petitioner challenges the lawfulness of his arrest and continued detention by U.S.

1

Immigration and Customs Enforcement ("ICE"). On the morning of March 4, 2026, Petitioner was traveling to work as a passenger with several coworkers in a black Ford F-150 pickup truck owned by their employer and driven by another employee who is a United States citizen. The vehicle had been traveling for approximately ten minutes when it was stopped by ICE officers. Petitioner had not engaged in any criminal conduct, and ICE officers did not present a warrant at the time of the stop. Nevertheless, ICE officers removed Petitioner from the vehicle and placed him under arrest. The driver of the vehicle, a United States citizen, was released at the scene and was not issued any citation or ticket. Under these circumstances, the basis for the stop, arrest, and subsequent detention of Petitioner is unclear and raises serious concerns regarding the lawfulness of his seizure. *See* Petition for Writ of Habeas Corpus, Dkt. No.

3. The federal habeas corpus statute provides that "[a] court, justice or judge entering a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

4. Section 2243 provides that the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." Section 2243 further provides that the court shall hold a hearing on the writ or order to show cause "not more than five days after the return unless for good cause additional time is allowed." In addition, Section 2243 states that the court "shall summarily hear and determine the facts, and dispose of the matter as law and justice require."

5. Pursuant to Section 2243, Petitioner requests that the Court immediately issue an Order to Show Cause directing Respondents to file a return within three days of the Court's order,

2

showing cause, if any, why the writ of habeas corpus should not be granted, and to provide Petitioner an opportunity to file a reply within three days after Respondents file the return.

6. Giving Respondents additional time to respond is inappropriate in this case because Petitioner faces irreparable harm due to the Deprivation of his physical liberty. Petitioner is presently suffering an actual and unlawful deprivation of physical liberty because of ICE's detention following his unlawful arrest. The Petitioner is the beneficiary of an approved I-360 Special Immigration Juvenile Status petition.

7. Detention or removal of an approved SIJS beneficiary would cause irreparable harm, as it would sever the youth from the protections conferred by the state court's findings and undermine the I-360 petition already granted, while removal would effectively nullify the pending path to lawful permanent residence. Petitioner's continued detention constitutes irreparable harm as a matter of law. The loss of physical liberty, even for a brief period, is irreparable because no later relief can restore the time spent in detention. Each day Petitioner remains detained compound its constitutional injury that cannot be remedied. Absent immediate court intervention, Petitioner faces the irreparable harm of removal prior to meaningful adjudication of his claims.

Respectfully Submitted,

Chartrisse A. Adlam, Esq.
Law Offices of David M. Sperling
81 Carleton Ave.,
Central Islip, NY 11722
cadlam@davidsperlinglaw.com
adlamlaw@hotmail.com
631-232-9555

6th Day of March 2026

3